# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Phoebus P. Apollo,<br>*a/k/a Archbishop Kingpup Shortymacnifisent*,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>,[1]<br><br>　　　　　　　Defendant. | Case No. 20-cv-1563 (NEB/LIB)<br><br>**REPORT AND RECOMMENDATION** |

　　This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636 and upon Plaintiff Phoebus P. Apollo's Application to Proceeds in forma pauperis (hereinafter "IFP"). [Docket No. 2].

　　Plaintiff Phoebus P. Apollo did not pay the filing fee for this action; instead, he filed an IFP application seeking permission to proceed in forma pauperis. That IFP application is now before the Court, and it must be considered before any other action may be taken in this matter.

　　After review of his IFP Application, [Docket No. 2], this Court concludes that Plaintiff qualifies financially for IFP status. That said, an action will be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

---

[1] Plaintiff's Complaint does not name any Defendant. (See, Compl. [Docket No. 1]). Nevertheless, upon filing his Complaint the Clerk of Court listed "MN DOC" as the Defendant on this Court's docket because Plaintiff's Complaint discusses "MN DOC." (See, Id.). As discussed below, it is not evident from Plaintiff's Complaint the specific party or entity against which he seeks to assert claims. (See, Id.). In the form Complaint submitted by Plaintiff, there is no Defendant listed in the caption of the Complaint, and in the portion of the form Complaint directing Plaintiff to list the Defendants, Plaintiff failed to list any entity or individual. Therefore, while the Court's docket may procedurally reflect "MN DOC" as a Defendant, Plaintiff's Complaint does not actual acknowledge any Defendant.

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

The Complaint submitted by Plaintiff is fatally deficient. As an initial matter, Plaintiff has not named a specific Defendant to this action.[2] This litigation cannot go forward without at least one definable opposing party—there is no one upon whom to serve the complaint, no one whom can be expected to respond to Plaintiff's allegations, and so on. This defect alone prevents Plaintiff's Complaint from going forward at this time.

Assuming solely for the sake of argument that Plaintiff had named a specific and appropriate defendant, his Complaint would nevertheless be subject to dismissal. Although the Complaint lacks any specific details, Plaintiff generically alleges that he has been denied access to religious materials as a condition of his parole. (See, Compl. [Docket No. 4]) ("The MN DOC and all of its constituents are violating my constitutional rights with the set forth conditions of parole.").

Under the doctrine set forth by the Supreme Court in Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), however, a plaintiff cannot bring a challenge under 42 U.S.C. § 1983 that would

---

[2] See, fn. 1.

2

necessarily imply the illegality of his custody. This Court has long applied Heck to challenges related to a condition of parole or supervised release imposed as part of a facially valid criminal judgment. See, e.g., Williams v. Hollaren, No. 16-cv-0552 (WMW/SER), 2017 WL 513926, at *5–6 (D. Minn. Jan. 11, 2017) (collecting cases); Jackson v. Axtell, No. 18-cv-1073 (ECT/SER), 2018 WL 5840047, at *2–3 (D. Minn. Nov. 8, 2018).

According to the Complaint, the actions being alleged to violate Plaintiff's constitutional rights were imposed pursuant to a facially valid state-court judgment.[3] If true, then the legality of those conditions must be challenged through means other than federal civil litigation under § 1983, such as a direct appeal of the criminal conviction, a state post-conviction petition, or a petition for a writ of habeas corpus. See, Heck, 512 U.S. at 486–87. Not until the conditions of parole have been invalidated through a more appropriate procedural vehicle may Plaintiff seek relief in this Court through federal litigation pursuant to 42 U.S.C. § 1983.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and

2. The application to proceed in forma pauperis of Plaintiff Phoebus P. Apollo, [Docket No. 2], be **DENIED**.


Dated: October 1, 2020                               s/Leo I. Brisbois
                                                     Hon. Leo I. Brisbois
                                                     United States Magistrate Judge

---

[3] To the extent that detention officials are alleged to be acting *outside* of the requirements of the criminal judgment, such a claim would not be barred by Heck. However, Plaintiff specifically alleges that the conditions being challenged in the Complaint were imposed as a condition of parole; if true, this challenge falls squarely within the ambit of Heck.

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).